# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN D. FRAZIER, | : | |
| Plaintiff, | : | Case No. 2:18-cv-200 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| COMMISSIONER OF SOCIAL SECURITY, | : | Magistrate Judge Deavers |
| Defendant. | : | |

## OPINION & ORDER

This matter comes before the Court on the Magistrate Judge's January 31, 2018 Report and Recommendation (ECF No. 15) which recommended that this Court overrule the Commissioner's finding of non-disability and remand the case for further consideration. The Defendant has filed an objection. (ECF No. 16). Based upon an independent review of the Report and Recommendation, and for the reasons set forth below, the Commissioner's objection is **OVERRULED**. This Court hereby **ACCEPTS** the Magistrate Judge's Report and Recommendations. This matter is **REMANDED** for further proceedings.

## I. BACKGROUND

### A. Plaintiff's Disability Case

Plaintiff filed his application for disability insurance benefits on April 1, 2015, alleging that he has been disabled since November 24, 2014. (R. at 209–15.) Plaintiff's applications were denied initially and upon reconsideration. (R. at 123–31, 134–40.) Plaintiff sought a de novo hearing before an administrative law judge. (R. at 141–22.) Administrative Law Judge Thomas L. Wang ("ALJ") held a hearing on July 14, 2017, at which Plaintiff, who was represented by counsel, appeared and testified. (R. at 33–68.) On August 23, 2017, the ALJ issued a decision

finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 11–27). On February 9, 2018, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1–7).

### B. The Administrative Decision

The ALJ issued his decision on August 23, 2017. (R. at 11–27). In reaching his decision, the ALJ conducted the required five-step analysis.[1] At step one of the sequential evaluation process, the ALJ found that Plaintiff met the insured status requirements through December 31, 2019, and that he had not engaged in substantial gainful activity since his alleged onset date of November 24, 2014. (R. at 13).

At step two, the ALJ determined that Plaintiff had the following severe impairments: diabetes and peripheral neuropathy; hearing loss; status post left hand burns; chronic

---

[1] The five sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 416.920(a)(4).

obstructive pulmonary disease; obesity; depressive disorder not otherwise specified; anxiety disorder not otherwise specified; bipolar II disorder; posttraumatic stress disorder; and delusional disorder, persecutory type. (R. at 14).

The ALJ next found that, through the date last insured, Plaintiff, did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 14–17).

At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except frequent foot control operation; no climbing ladders, ropes, or scaffolds; occasional climbing ramps or stairs, balancing, stooping, kneeling, crouching and crawling; handling with the left is limited to frequent and unlimited with the right; he must be allowed to prop his feet up during breaks; only occasional work in environments where the temperatures are less than 40 degrees Fahrenheit; only occasional work in environments where temperatures are more than 80 degrees Fahrenheit; only occasional exposure to humidity; occasional exposure to loud noise as defined by the SCO as code 4; occasional exposure to irritants such as fumes, odors, dusts, and gases; and only occasional use of hazardous machinery; and occasional exposure to unprotected heights; goal based production/work measured by end result not pace work; work is limited to simple routine and repetitive tasks; work allowed off task 5 percent of the day; work in a low stress job defined as only occasional changes in the work setting; no interaction with the public; and limited to occasional interaction with coworkers and supervisors.

The ALJ further stated Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. at 19). The ALJ went on to state as follows:

3

> The claimant has also alleged the inability to work due to hearing loss. However, the record again does not support his allegations and testimony with respect to this condition. An April 30, 2015 evaluation at Clarity Hearing Audiology revealed a bilateral sloping sensorineural hearing loss. However, his word recognition was noted as 88 percent in a quiet room whit [sic] a 75 decibel presentation level. His evaluating audiologist recommended binaural hearing aids and annual hearing evaluations (Exhibit 14F). While one consultative psychologist noted sitting closer to the claimant and speaking a bit louder after the claimant reported a hearing problem (Exhibit 9F/5), there is nothing in the record showing that any treating or evaluating source observed any appreciable hearing difficulty (see generally Exhibits 6F-14F). Moreover, the claimant did not exhibit any difficulty at the hearing as he responded to questions without any appreciable problem, and did not require any clarification or repetition due to his hearing loss during the hearing. Given the foregoing, the undersigned finds the limitation of only occasional exposure to loud noise as defined by the SCO as code 4 adequately accommodates the claimant's hearing loss.

(R. at 20).

The ALJ concluded that Plaintiff is incapable of performing his past relevant work. (R. at 25–26). However, the ALJ found that Plaintiff is capable of performing other jobs existing in significant numbers in the national economy, pointing to the testimony of the Vocational Expert. (R. at 26–27). He therefore concluded that Plaintiff was not disabled under the Social Security Act. (R. at 27).

### C. The Report & Recommendation

In the Report and Recommendation, the Magistrate Judge recommended that the Court reverse the Commissioner's non-disability finding and that the case be remanded. (ECF No. 15 at 1). The Magistrate Judge based this recommendation on the fact that the ALJ's assessment of Plaintiff's RFC is both inconsistent with record evidence and not an assessment that affords the ability of proper review. (*Id*. at 9). To demonstrate inconsistencies with the record, the Magistrate Judge pointed to determinations made by the ALJ regarding Plaintiff's hearing loss that were in plain conflict with the evidence

4

provided. (*Id*. at 9). The Magistrate Judge then noted her inability to properly review the decision because of the ALJ's lack of articulated reasoning to support the RFC decision. (*Id*. at 11). The Magistrate Judge concluded that due to the ALJ's lack of articulated reasoning, judicial review could only be done by speculation. (*Id*. at 13). However, speculation is impermissible, and in such a situation, the Commissioner's decision should be reversed, and the case remanded for further consideration. (*Id*. at 13-14).

## II. STANDARD OF REVIEW

Upon objection to a Magistrate Judge's report and recommendation, this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence is "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)); *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (substantial evidence is "more than a scintilla of evidence but less than a preponderance") (quotations omitted). If "substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported the opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quotation omitted).

## III. ANALYSIS

Defendant objects to the Magistrate Judge's recommendation of reversal and remand because the record shows no reversible error. (ECF No. 16 at 1). Defendant states three objections to the Court's Report and Recommendation. First, that Plaintiff did not meet the burden of demonstrating his RFC. (*Id.*). Second, Plaintiff did not show that his impairment was work-preclusive. (*Id*. at 2). Third, Plaintiff has not shown that his impairment warranted a greater limitation than that recommended by the ALJ. (*Id.*). Defendant also argues that cases on point would have precluded the court from reversing and remanding even after finding reversible error by the ALJ because the testimony of the vocational expert renders any error harmless. (*Id*. at 3).

In response, Plaintiff agrees with the reasoning displayed by the Court and refers to passages from the Report and Recommendation that refute the arguments made by Defendant. (ECF No. 17).

The Magistrate Judge correctly notes that an ALJ is required to explain how the evidence supports the limitations that he or she outlined in the claiman's RFC. (ECF No. 15 at 9). In the present case, the ALJ is required to explain how, with reasoning, Plaintiff's hearing loss still enables him to engage in work-related activities. The ALJ must include "a discussion of the findings and conclusions, and the reasons or basis therefor…" *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 415 (6th Cir. 2011) (unpublished) (quoting 5 U.S.C. §557(c)(3)(A)). The *Reynolds* court further emphasized that the "reasons requirement is both a procedural and substantive requirement, necessary in order to facilitate effecting and meaningful judicial review." *Id.*

In the present case, the ALJ points to test results, the opinion of a psychologist, and observations of Plaintiff's behavior during the hearing to conclude that "the

6

limitation…adequately accommodates Plaintiff's hearing loss." *Id*. There is, however, no discussion of how the limitation would still allow Plaintiff to participate in work-related activities. Given there is also no indication of what evidence was used to reach that determination, the Magistrate Judge was unable to properly evaluate the adequacy of the accommodation. The ALJ listed some of the evidence available and stated a conclusion with insufficient reasoning to link the two. Such conclusory determinations have previously been found to be insufficient. *Evans v. Comm'r of Soc. Sec*., No. 1:10CV779, 2012 WL 27476, at *1 (S.D. Ohio Jan. 5, 2012) (adopting report and recommendation, 2011 WL 6960619, at *4 (S.D. Ohio Dec. 5, 2011)). Without this reasoning, this Court is unable to conduct a meaningful review of the ALJ's decision. As in *Reynolds,* when the record lacks an explanation of the reasoning behind the ALJ's decision, the Court must remand the case due to an inability to conduct a meaningful review. *See e.g.*, *Reynolds* at 416.

Before the Magistrate Judge and again in their objections, Defendant again points to the testimony of the Vocational Expert to indicate that the lack of demonstrated reasoning by the ALJ was nothing more than harmless error. (ECF No. 16 at 3). The testimony by the Vocational Expert indicated that Plaintiff's RFC did not preclude him from some employment options. (R. at 60-65). But the court may not "fill in the gap where the ALJ did not provide the factual basis" for review. *Harvey v. Comm'r of Social Security*, 2017 WL 4216585 at *8 (6th Cir. 2017) (unreported).

## IV.  CONCLUSION

For these reasons, the Court **ACCEPTS** the Magistrate Judge's **Report and Recommendation** (ECF No. 15), thereby **OVERRULING** the Commissioner's objections. (ECF No. 26).  The Commissioner's finding of non-disability is **REVERSED,** and this case is

**REMANDED** to the Commissioner and ALJ under Sentence Four of §405(g) for further consideration consistent with this Opinion and Order.

    **IT IS SO ORDERED.**

                                     ___s/ Algenon L. Marbley_____
                                     **ALGENON L. MARBLEY**
                                     **UNITED STATES DISTRICT JUDGE**

**DATED: June 4, 2019**